**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RONNIE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1155-F |
| | ) |
| NORTHFORK ELECTRIC | ) |
| COOPERATIVE, INC., a corporation, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

"Plaintiff's Motion for New Trial or, in the Alternative, [to] Alter or Amend Judgment" (the "motion"), filed September 29, 2005, is before the court. (Doc. no. 36.) The motion seeks to vacate and modify the court's ruling as set out in its Order of September 15, 2005. (Order at doc. no. 34.) Defendant has responded, and the motion is ready for determination.

1. ADEA Claim

The court finds and concludes that, whether considered as a motion to reconsider or as a motion for a new trial under Fed. R. Civ. P. 59, no grounds have been stated by the plaintiff which support a result on plaintiff's Age Discrimination in Employment claim any different than the result already stated in the court's Order of September 15, 2005. With respect to that claim, plaintiff's own briefing makes clear that, as the court stated in the September 15 Order, there is no reason not to hold plaintiff to the usual schedule in this action. With respect to the court's disposition of the ADEA claim, there has been no "clear error" or "manifest injustice," to quote the standards used by plaintiff in his brief. Nor has there been an intervening change in the controlling law or an identification of new evidence previously unavailable. All

of the arguments presented in plaintiff's motion were either previously made and rejected by the court, or could have been made based on then-existing evidence.[1]  In short, the court agrees with defendant's reasons stated in its response brief as to why no changed ruling is called for with respect to the ADEA claim and related matters.

## 2. Workers' Compensation Retaliation Claim

To the extent that plaintiff's motion asks the court to reconsider its decision to decline supplemental jurisdiction over plaintiff's state law workers' compensation retaliation claim, the result is different.  The court finds that the motion should be granted and that the court should retain that claim rather than dismiss it, based on plaintiff's argument that he is foreclosed from pursuing this claim in state court under 12 O.S. § 100 because he previously voluntarily dismissed this action in state court.  In these unusual circumstances, declining supplemental jurisdiction would work an injustice.  Therefore, the court finds that Part III of its Order of September 25, 2005, which pertains to the workers' compensation claim, should be vacated and that the court should retain supplemental jurisdiction over this claim.

The court will proceed to determine the viability of the workers' compensation claim based on the summary judgment motion and briefs which it already has before it.  When it has determined the appropriate ruling on that claim, an amended order will be entered.  This case was closed at the time summary judgment was entered, and all of the then-unexpired deadlines for pre-trial filings were stricken at that time.  These

---

[1]*See generally*, Pound v. Airosol Company, Inc. 368 F. Supp. 2d 1158 (D. Kan. 2004) (refusing to hear arguments for reconsideration which could have been raised in summary judgment briefing, at 1161; and reviewing Tenth Circuit standards which provide that motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits, and which state that a Rule 59(e) motion is essentially a motion for reconsideration and that grounds warranting a motion to reconsider include an intervening change in the controlling law, new evidence previously unavailable, and the need to correct clear error or prevent manifest injustice, at 1159).

deadlines remain stricken. After the court rules on the viability of the workers' compensation claim, this case will be placed on a trial docket and the unexpired pre-trial dates will be re-set, if necessary.

Conclusion

Having carefully considered the parties' submissions and the relevant authorities, "Plaintiff's Motion for a New Trial or, in the Alternative, [to] Alter or Amend Judgment" is **DENIED** in part and **GRANTED** in part. The motion is **DENIED**, except to the extent that it asks the court to vacate its ruling declining supplemental jurisdiction over plaintiff's workers' compensation retaliation claim; to that extent, the motion is **GRANTED**. Accordingly, the court hereby **VACATES** Part III of its September 15, 2005, Order, and the corresponding sentence in the "Conclusion" of that Order which states that the workers' compensation claim is dismissed. The Judgment of September 15, 2005 is also **VACATED**.

Dated this 19th day of October, 2005.

_/s/ SP Friot_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1155p007.wpd