# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1155-F |
| ) | |
| NORTHFORK ELECTRIC ) | |
| COOPERATIVE, INC., a corporation, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

"Plaintiff's Application to File Supplemental Brief and Conduct Limited Discovery," filed October 19, 2005, is before the court. (Doc. no. 39.)

The motion states that plaintiff wishes to supplement his response brief with excerpts from testimony of several witnesses who have not yet been deposed and with additional sworn testimony from the plaintiff himself, "so that Plaintiff has his 'day in court' and is not 'ambushed' by testimony from the Worker's Compensation hearing which was submitted by Defendant without Plaintiff having an opportunity to respond." [1] (Motion, ¶ 4.) The new testimony with which plaintiff fears he will be "ambushed" is testimony submitted for the first time as exhibit 1 to defendant's reply brief. (Motion, ¶ 4, citing reply brief, ex. 1.)

Having accepted the reply brief, the court may either permit a sur-reply in which plaintiff may address the new material, or it may refrain from relying on the new material contained in the reply brief. <u>Beaird v. Seagate Technology, Inc.</u>, 145

---

[1] As the material which plaintiff seeks to submit is described as responsive to new material included in defendant's reply brief, plaintiff's application is construed as motion to submit a sur-reply brief rather than as a motion to supplement plaintiff's existing response brief.

-2-

F.3d 1159, 1164 (10th Cir. 1998). At this point, it is the court's intention to do the latter. Accordingly, plaintiff's motion to file a supplemental brief (or sur-reply) is moot and should be denied on that basis. If, in analyzing the pending motion for summary judgment, the court determines that it is necessary to rely on any new material contained in the reply brief, then the court will provide plaintiff with an opportunity to respond to that new material.

Plaintiff also asks the court to allow plaintiff to conduct discovery beyond the scheduled date for the close of discovery (October 15, 2005), so that plaintiff can obtain the testimony needed to respond to the new material in defendant's reply brief. (Motion, ¶ 5.) As the court has now stated its intention not to rely on the new material, there is no need for the requested discovery, and this request is also moot. Should the court's intentions change, the court will revisit the question of whether any additional discovery should be allowed.

As there is no need for either the additional briefing or discovery requested in plaintiff's motion, "Plaintiff's Application to File Supplemental Brief and Conduct Limited Discovery" is **DENIED**.

Dated this 20th day of October, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1155p009(pub).wpd